# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ELLISON ROBERT BURNS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-205 |
| | ) | |
| CAROL BRANHAM, ROSALIND | ) | |
| BROOKS, MELISSA DOWNS, CHILD | ) | |
| SUPPORT ENFORCEMENT, STATE | ) | |
| OFFICE OF THE DISTRICT | ) | |
| ATTORNEY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a complaint and a motion to proceed *in forma pauperis*. (Docs. 1, 2.) As it appears that he lacks the resources to pay the $350.00 filing fee, his motion to proceed *in forma pauperis* is **GRANTED**.

A case filed *in forma pauperis* must be "dismiss[ed] . . . at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As plaintiff's complaint is patently frivolous, it should be **DISMISSED**.

Plaintiff asks the Court to order Child Support Services and, presumably the Superior Court of Chatham County, to modify his current child support order. (Doc. 1 at 4.) "[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970); see also Moye v. Clerk, DeKalb County Super. Ct., 474 F.2d 1275, 1276 (5th Cir. 1973).[1] This Court, therefore, is without "authority to issue a writ of mandamus directing the state court" to take action. Nabelek v. Collins, 48 F. App'x 104, 104 (5th Cir. 2002).

Moreover, federal courts do not act as appellate courts over state tribunals. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In Rooker and Feldman, "the Supreme Court held that

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. Thus, Moye is binding Eleventh Circuit precedent.

2

a federal district court may not review the final decisions of a state court of competent jurisdiction. Such review rests solely in the United States Supreme Court." Liedel v. Juvenile Court of Madison County, 891 F.2d 1542, 1545 (11th Cir. 1990); Pompey v. Broward County, 95 F.3d 1543, 1549 (11th Cir. 1996). ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings."); Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). The "Rooker-Feldman" doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). This holds true in cases where a plaintiff seeks federal review of a state court's order for child support. See Mosely v. Bowie County Texas, 275 F. App'x 327, 328-29 (5th Cir. 2008) (plaintiff's federal claim attacking "the state court judgment ordering the payment of child support [is] barred under the 'Rooker-Feldman' doctrine" because it "invit[es] district court

3

review and rejection" of the state child support judgment.); Mannix v. Machnik, 244 F. App'x 37, 38 (7th Cir. 2007) ("To the extent that [plaintiff] wants an injunction that will alter the state court's allocation of custody and the level of child-support payments her ex-husband must provide, the 'Rooker-Feldman' doctrine is a jurisdictional bar.").

Thus, to the extent plaintiff seeks to have this Court direct defendants to modify the child support order, plaintiff's claim is barred by well-established principles prohibiting federal courts from compelling action by state courts or state authorities. Additionally, to the extent plaintiff seeks appellate review by this Court of the actual child support order, such a claim is barred by the "Rooker-Feldman" doctrine. This claim should therefore be **DISMISSED** as legally frivolous.

**SO REPORTED AND RECOMMENDED** this __8th__ day of December, 2008.

s/ G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**